# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DONALD P. KAPUSTA, | ) | Bankruptcy Case No. 08-83354 |
| | ) | |
| Debtor. | ) | |
| ——————————————— | ) | |
| | ) | |
| DONALD P. KAPUSTA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Appeal No. 09-CV-1371 |
| | ) | |
| GARY T. RAFOOL, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |

# O R D E R  &  O P I N I O N

This is an appeal from an Order entered by the United States Bankruptcy Court for the Central District of Illinois (Bankruptcy Case No. 08-83354) brought pursuant to 28 U.S.C. § 158(a).  After careful review of the arguments of both parties, the Bankruptcy Court's Order is AFFIRMED.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 11, 2008, Donald P. Kapusta (the "Debtor") filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code.  On June 16, 2009, Debtor amended his bankruptcy schedules and listed a bonus from his employer which had accrued and vested on the petition date, but which was received by him after the filing.  In the amendment, Debtor claimed 85% of the bonus, or $4,492.25, as exempt under the Illinois Wage Deduction Act (75 ILCS

5/12-803) and the Illinois Wage Assignment Act (740 ILCS 170/4). The trustee objected to the exemption claim, maintaining that the bonus was not exempt. The Bankruptcy Court sustained the trustee's objection by Order dated September 22, 2009. On November 3, 2009, Debtor filed a Notice of Appeal to this Court.[1]

## LEGAL STANDARD

A district court must uphold a bankruptcy court's findings of facts unless they are clearly erroneous, and legal conclusions are reviewed *de novo*. *Matter of Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988). The parties agree that the question of whether wages earned but not paid before the date of a bankruptcy filing are subject to a partial exemption from the bankruptcy estate is a question of law. (Doc. 2 at 5, Doc. 3 at 5). Accordingly, this Court's review is *de novo*.

## ANALYSIS

After a bankruptcy petition is filed, nearly all of the property of the debtor becomes part of the bankruptcy estate pursuant to 11 U.S.C. § 541, including "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative." *See Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Debtors are then permitted to remove certain property from the bankruptcy estate, and the reach of creditors, by claiming it as exempt from execution under state or federal law. 11 U.S.C. § 522(b); *See In re Thompson*, 867 F.2d 416, 418 (7th Cir. 1989). The Illinois legislature has "opted out" of the federal exemption scheme, thus Illinois residents may only claim exemptions that are available under Illinois law, or under any federal law other than the list of exemptions provided in Section 522(d) of the

---

[1] On appeal, Appellant does not contend that the Illinois Wage Assignment Act supports his exemption claim. Consequently, the Court will not consider it.

Bankruptcy Code. *See* 735 Ill. Comp. Stat. 5/12-1201. The Debtor in this case has not claimed that the relevant property (i.e. his bonus) is exempt pursuant to federal law, so this Court will focus its discussion on the state law cited by Debtor.

The list of personal property exemptions expressly permitted under Illinois law has no provision specifically addressing wages. *In re Thum*, 329 B.R. 848, 851 (Bankr.C.D.Ill. 2005); *see also* 735 Ill. Comp. Stat. 5/12-1001 to -1006. Courts have established that wages, either paid or unpaid, may be protected under the "wild card" exemption that permits a debtor to remove from the bankruptcy estate "the debtor's equity interest, not to exceed $4,000 in value, in any other property."[2] 735 Ill. Comp. Stat. 5/12-1001(b). *See In re Koeneman*, 410 B.R. 820, 823 (C.D.Ill. 2009); *In re Keinath*, 102 B.R. 699, 702 (Bankr.C.D.Ill. 1986). Notwithstanding this, personal property exemptions are not necessarily limited to those expressly named in these sections. *See In re Simpson*, 115 B.R. 142 (Bankr.C.D.Ill. 1998) (recognizing a bankruptcy exemption established by statute creating the Teachers Retirement System); *In re McClure*, 175 B.R. 21 (Bankr.N.D.Ill. 1994) (finding an exemption for benefits received under the Illinois Workers Compensation Act). Accordingly, Debtor asks this Court to conclude that an exemption exists outside of 735 Ill. Comp. Stat. 5/12-1001 to -1006 which would partially exempt from the bankruptcy estate those wages which he had earned as of the petition date, insofar as they were received post-petition.

---

[2] However, this exemption does not help Debtor exempt his wages in this case, as he has used up his $4,000.00 "wild-card" exemption on other non-wage assets. (Doc. 1 at 59).

Specifically, Debtor directs this Court's attention to the Illinois Wage Deduction Act ("IWDA"), 735 ILCS 5/12-801 *et. seq.* The IWDA provides that wages "subject to collection under a deduction order . . . shall be the lesser of (1) 15% of such gross amount paid for that week, or (2) the amount by which disposable earnings for a week exceed 45 times the Federal Minimum Hourly Wage . . . or . . . the minimum hourly wage, . . . whichever is greater." 735 ILCS 5/12-803. The debtor argues that this 15% limit on the amount a court may order an employer to deduct from a debtor's wages and pay directly to a judgment creditor operates as an exemption in bankruptcy.

Courts in Illinois are somewhat divided on whether this provision creates an exemption for purposes of § 522(b). Three courts have concluded that the IWDA does not create an exemption for unpaid wages owed on the petition date. *In Re Radzilowsky*, 2011 WL 1740075 (Bankr.N.D.Ill. May 6, 2011); *In re Koeneman*, 410 B.R. 820 (C.D.Ill. 2009); *In re Thum*, 329 B.R. 848 (Bankr.C.D.Ill. 2005). These courts reason that the IWDA applies only when a creditor seeks a court order requiring an employer to pay the creditor directly from wages owed to the debtor. The *Thum* court explained that Illinois law does not provide a general exemption for wages. 329 B.R. at 851. It concluded that the language of the IWDA is not broad enough to create an exemption for unpaid wages. *Id*. at 853-54.

However, the court in *In re Mayer*, 388 B.R. 869 (Bankr.N.D.Ill. 2008), reached the opposite conclusion. The *Mayer* court explained that the IWDA applies both to wage deduction orders and to citations to discover assets – the only other way that a creditor could potentially take a debtor's earned but unpaid wages.

Because the 15% cap in the IWDA applies in both situations, the *Mayer* court concluded that the IWDA operates as an exemption for 85% of all earned but unpaid wages for purposes of § 522(b).

This Court agrees with the majority view expressed in *Thum*, and adopted in *Koeneman* and *Radzilowsky*. The IWDA does not operate as an exemption in bankruptcy. Property is exempt if "the debtor can forever sequester [it] to himself and place [it] completely beyond the reach of his creditors." *In re Radzilowsky*, 2011 WL 1740075 at *2 (quoting *In re Lawrence*, 219 B.R. 786, 791 (E.D.Tenn. 1998)); *see also White v. Stump*, 266 U.S. 310, 313 (1924) (An exemption for purposes of the Bankruptcy Act is "a present right . . . which withdraws the property from levy and sale under judicial process.").

The IWDA does not "forever sequester" the debtor's wages, or even his unpaid wages. Once the wages are in the debtor's possession, the 15% cap no longer applies and creditors are free to attempt to obtain the wages to satisfy a judgment. *See Wienco, Inc. v. Scene Three, Inc.*, 29 F.3d 329 (7th Cir. 1994). The IWDA simply puts a temporary limit on how much of the debtor's wages a judgment creditor can take before the wages are paid to the debtor. The Illinois legislature could have easily exempted some portion of wages if it so desired, just as it "forever sequestered" other types of payments by prohibiting "execution, attachment, garnishment or other process" of life insurance proceeds, *see* 215 ILCS 5/238(a), and "lien, attachment, or garnishment" of worker's compensation, *see* 820 ILCS 305/21. It chose not to do so. The narrow scope of the IWDA does not remove wages – paid or unpaid – from the reach of creditors and, therefore, does not create an exemption

that applies under § 522(b) of the Bankruptcy Code.[3]   Therefore, the judgment of the Bankruptcy Court is AFFIRMED.  IT IS SO ORDERED.


CASE TERMINATED.


Entered this <u>2nd</u> day of June, 2011.


s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge

---

[3] Debtor argues that this Court should not reach this conclusion because the Illinois Supplemental Proceedings statute (735 ILCS 5/2-1402) was amended in 2008 (after *Thum* was decided) by adding a new section (k-5).  This new section provides that, in the context of a post-judgment collection proceeding, if the court determines that any property held by a "third party respondent" is wages, then the court shall proceed as if a wage deduction proceeding had been filed under the IWDA.  Debtor's argument is misplaced, as section (k-5) refers only to a "third party respondent," and not to a "judgment debtor," which would be the position of the Debtor outside of bankruptcy.  As a judgment debtor in the possession of assets, the fact that they can be traced to wages has no impact on the ability of a judgment creditor to collect on such assets from the judgment debtor.  *See Wienco, Inc.*, 29 F.3d at 330.  Consequently, 735 ILCS 5/2-1402 continues to provide a limited non-bankruptcy exemption for the garnishment of wages, and is not broad enough to constitute an exemption for accrued wages in bankruptcy.  *See Thum*, 329 B.R. at 854-856.  This Court also notes that an identical argument was considered and rejected by the Court in *Koeneman*. 410 B.R. at 825-826.  For the aforementioned reasons, as well as for the reasons cited in *Koeneman*, this Court concludes that 735 ILCS 5/2-1402(k-5) has no impact on the issue in this case.